1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA

10
ADAM BARTLETT,

11
                    Plaintiff,                    CASE NO. 12-cv-5220-JRC

12
        v.                                        ORDER ON PLAINTIFF'S
                                                  COMPLAINT
13
MICHAEL J. ASTRUE, Commissioner
14
of the Social Security Administration,

15
                    Defendant.

16

17
        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18
Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19
Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United

20
States Magistrate Judge, ECF No. 7). This matter has been fully briefed (*see* ECF Nos.

21
16, 22, 23).

22
        After considering and reviewing the record, the Court finds that the ALJ erred

23
when reviewing the medical evidence. He failed to discuss significant probative evidence

24

from a state agency medical consultant, and failed to provide specific and legitimate reasons for failing to credit fully opinions from plaintiff's other doctors.

Therefore, this matter shall be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

<u>BACKGROUND</u>

Plaintiff, ADAM BARTLETT, was born in 1966 and was forty-two years old on his alleged date of disability onset of September 1, 2008 (*see* Tr. 118). His earnings report indicates work experience only for the years between 1984 and 1990; and between 2006 until 2008, as plaintiff was incarcerated from 1991 to 2004 (*see* Tr. 121-22, 133). However, plaintiff conducted data entry and office work while in prison (*see* Tr. 134). Plaintiff alleged that he became too ill to continue working, and that he was limited in his work ability, by post traumatic stress disorder ("PTSD"), lower back pain, neuropathy in his right arm, and arthritis in his knees (*see* Tr. 133).

<u>PROCEDURAL HISTORY</u>

On September 8, 2009, plaintiff protectively filed an application for supplemental security income ("SSI") pursuant to title XVI of the Social Security Act (*see* Tr. 18, 118-20). His application was denied initially on February 10, 2010, and following reconsideration on April 29, 2010 (Tr. 63-72). Plaintiff's requested hearing was held before Administrative Law Judge Riley J. Atkins ("the ALJ") on April 4, 2011 (*see* Tr. 32-60). On May 26, 2011, the ALJ issued a written decision concluding that plaintiff was not disabled pursuant to the Social Security Act (Tr. 15-31).

On January 11, 2012, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). *See* 20 C.F.R. § 404.981. In March, 2012, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on June 6, 2102 (*see* ECF Nos.10, 11). In his Opening Brief, plaintiff contends that the ALJ erred when reviewing the medical evidence as well as when reviewing plaintiff's credibility and testimony (*see* ECF No. 16, p. 14).

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also  Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting Andrews, supra*, 53 F.3d at 1039). In addition, the Court must determine independently whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.,* 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation

omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121,  2012 U.S. App. LEXIS 6570

at *42 (9th Cir. 2012); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir.

2006) ("we cannot affirm the decision of an agency on a ground that the agency did not

invoke in making its decision") (citations omitted). For example, "the ALJ, not the

district court, is required to provide specific reasons for rejecting lay testimony." *Stout,

supra*, 454 F.3d at 1054 (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). In

the context of social security appeals, legal errors committed by the ALJ may be

considered harmless where the error is irrelevant to the ultimate disability conclusion

when considering the record as a whole. *Molina, supra*, 674 F.3d 1104, 2012 U.S. App.

LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v.

Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55.

DISCUSSION

1.  **The ALJ erred in his review of the medical evidence**.

The ALJ must provide "clear and convincing" reasons for rejecting the

uncontradicted opinion of either a treating or examining physician or psychologist.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Baxter v. Sullivan*, 923 F.2d

1391, 1396 (9th Cir. 1991); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if

a treating or examining physician's opinion is contradicted, that opinion "can only be

rejected for specific and legitimate reasons that are supported by substantial evidence in

the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035,

1043 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and

thorough summary of the facts and conflicting clinical evidence, stating his interpretation

thereof, and making findings." *Reddick, supra*, 157 F.3d at 725 (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

An ALJ must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). In addition, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (*citing Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(d). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may

constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan, supra*, 242 F.3d at 1149 (*citing Magallanes, supra*, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831); *see also* 20 C.F.R. § 404.1527(d)(2)(i). The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews, supra*, 53 F.3d at 1041).

    a.  Dr. Debra Iannuzzi, M.D., state agency medical consultant

       Plaintiff complains that the ALJ failed to provide any reason to discount the opinions of Dr. Iannuzzi, while defendant counters that Dr. Iannuzzi's opinion was not significant, probative evidence that needed to be discussed by the ALJ. While it is true that an ALJ need not discuss all evidence presented, and only must explain why significant, probative evidence has been rejected, it also is true that if an opinion from a medical source conflicts with the RFC determination, the opinion must be rejected explicitly. *See Flores, supra*, 49 F.3d at 570-71; SSR 96-8p, 1996 SSR LEXIS 5 at *20. As discussed more fully below, the Court is not convinced by defendant's argument that Dr. Iannuzzi's opinion was cumulative evidence that the ALJ was not required to discuss explicitly.

1    According to Social Security Ruling ("SSR") 96-8p, a residual functional capacity

2    assessment by the ALJ "must always consider and address medical source opinions. If the

3    RFC assessment conflicts with an opinion from a medical source, the adjudicator must

4    explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20.

5    Although "Social Security Rulings do not have the force of law, [n]evertheless, they

6    constitute Social Security Administration interpretations of the statute it administers and

7    of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir.

8    1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation

9    and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security

10   Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or

11   regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984);

12   *Paxton, supra*, 865 F.2d at 1356).

13

14   Here, Dr. Iannuzzi reviewed medical records of plaintiff and provided her opinion

15   on February 9, 2010 (*see* Tr. 188-95). She reviewed plaintiff's records at the request of

16   the state, as a state agency medical consultant. Even though state agency medical

17   consultants do not examine claimants, they review medical records, are familiar with

18   Social Security regulations, and provide opinions that should be discussed in the written

19   decisions of the ALJs. *See* SSR 96-6p, 1996 WL 374180 at *2.

20

21   According to the Ninth Circuit, regarding state agency medical consultants, the

22   ALJ is "required to consider as opinion evidence" their findings, and also is "required to

23   explain in his decision the weight given to such opinions." *Sawyer v. Astrue*, 303 Fed.

24   Appx. 453, 455, 2008 U.S. App. LEXIS 27247 at **3 (9th Cir. 2008) (citations omitted)

(unpublished opinion). According to Social Security Ruling ("SSR") 96-6p,

"[a]dministrative law judges . . . . may not ignore the[] opinions [of state agency

medical and psychological consultants] and must explain the weight given to the opinions

in their decisions." SSR 96-6p, 1996 WL 374180 at *2. This ruling also provides that

"the administrative law judge or Appeals Council must consider and evaluate any

assessment of the individual's RFC by State agency medical or psychological

consultants," and said assessments "are to be considered and addressed in the decision."

*Id.* at *4. Likewise, SSR 96-5p, provides that State agency "medical and psychological

consultant findings about the nature and severity of an individual's impairment(s),

including any RFC assessments, become opinion evidence," and "administrative law

judges . . . . must address the[se] opinions in their decisions." SSR 96-5p, 1996 WL

374183 at *6.

The ALJ's failure to discuss the opinions of Dr. Iannuzzi is legal error. *See id.;*

*Sawyer, supra*, 303 Fed. Appx. at 455. The question remains as to whether or not such

error is a harmful error in the context of this case. In order for this error to be harmless,

Dr. Iannuzzi's opinion must not be significant, probative evidence that must be discussed,

and the ALJ's determination regarding plaintiff's RFC must not contradict Dr. Iannuzzi's

opinion. *See Flores, supra*, 49 F.3d at 570-71; SSR 96-8p, 1996 SSR LEXIS 5 at *20.

Dr. Iannuzzi opined that plaintiff could occasionally and frequently lift ten

pounds, but not twenty pounds (*see* Tr. 189). However, the ALJ found that plaintiff had

the residual functional capacity ("RFC") "to perform light work" (*see* Tr. 23). According

to federal regulations concerning Social Security, light work "involves lifting no more

than 20 pounds at a time  . . . ." 20 C.F.R. § 416.967. Therefore, the ALJ's finding

regarding plaintiff's ability to lift up to twenty pounds at a time conflicts with Dr.

Iannuzzi's opinion that he was not capable of occasionally lifting twenty pounds.

Similarly, Dr. Iannuzzi's opinion that plaintiff only could stand and/or walk for at least

two hours in an eight-hour workday does not appear to be consistent with the requirement

for one capable of light work to do "a good deal of walking or standing" *See id.*

  The ALJ limited plaintiff to occasional overhead reaching with the right arm, but

does not appear to have assessed any limitation with respect to handling or fingering (*see*

Tr. 23). However, Dr. Iannuzzi opined that plaintiff was limited with respect to both of

these manipulative abilities, specifically hand-writing into the form that plaintiff was

"Limited to freq RHF [reaching handling fingering] on R due to decreased sensation"

(*see* Tr. 191). Similarly, Dr. Iannuzzi opined that plaintiff should avoid concentrated

exposure to extreme cold, wetness and vibration, in addition to hazards (*see* Tr. 192),

while the ALJ only limited plaintiff to exposure to hazards (*see* Tr. 23).

  Dr. Iannuzzi specifically opined that plaintiff symptoms were attributable to his

medically determinable impairments and that he was credible (*see* Tr. 193), findings

contradicted by the ALJ's written decision (*see, e.g.*, Tr. 24-26). Similarly, Dr. Iannuzzi

specifically gave weight to the opinions of Dr. Natalia A. Luera, M.D., and found that

they were "consistent with historical reports and objective evidence," while the ALJ

failed to credit all of Dr. Luera's opinions, finding that one of her assessments was "not

supported by the objective evidence  . . . . ." (*see* Tr. 194).

1   Based on a review of the relevant record, the Court concludes that the opinion of

2   Dr. Iannuzzi is significant, probative evidence that the ALJ erred in failing to discuss in

3   his written decision. In addition, there are multiple findings within the ALJ's RFC

4   determination that conflict with the finding of Dr. Iannuzzi, as just discussed.

5   Not only is Dr. Iannuzzi a state agency medical consultant, whose opinion the ALJ

6   is "required to consider as opinion evidence," *Sawyer*, *supra*, 303 Fed. Appx. at 455, but

7   also, because the ALJ's RFC assessment conflicts with Dr. Iannuzzi's opinion, the ALJ

8   "must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at

9   *20.

10

11   Based on the relevant record and for the stated reasons, the Court concludes that

12   this matter must be reversed and remanded for further consideration.

13   b.  Dr. Howard Platter, M.D.

14   Although plaintiff complains that the ALJ improperly failed to credit fully the

15   opinions by Dr. Platter, a state agency medical consultant, defendant contends that

16   plaintiff's arguments failed to specifically identify "any error made by the ALJ in

17   evaluating Dr. Platter's opinion" (*see* Response, ECF No. 22, p. 13). The Court finds

18   little merit in this argument by defendant, as two sentences prior in his Response Brief,

19   defendant acknowledged that plaintiff argued that the ALJ erred in giving great weight to

20   the opinions of Dr. Platter in part because of an incorrect assertion "that Plaintiff 'only

21   took over-the-counter medications for pain'" (*see id.*).

22

23   The ALJ gave great weight to the opinions of Dr. Platter (*see* Tr. 25). In doing so,

24   the ALJ indicated that "the evidence demonstrates no more than the use of over the

ORDER ON PLAINTIFF'S COMPLAINT - 11

counter medications for pain relief  . . . . ” (*id.*). However, as noted by plaintiff, and

ignored by defendant, on January 28, 2011 plaintiff was prescribed Tylenol 3 [Tylenol

with codeine], which is not an over the counter medication (*see* Tr. 379; *see also* Tr. 400,

411). Therefore, the Court concludes that the ALJ's finding that "the evidence

demonstrates no more than the use of over the counter medications for pain relief  . . . ."

is a finding that is not based on substantial evidence in the record as a whole and the

ALJ's reliance on this finding was faulty (*see* Tr. 379, 400). Because the ALJ explicitly

indicated that this fact was part of the basis for his decision to give great weight to the

opinions of Dr. Platter, the opinions of Dr. Platter must be assessed anew following

remand of this matter (*see* Tr. 25 ("As the evidence demonstrates no more than the use of

over the counter medications for pain relief, and there is no objective evidence supporting

the degree of pain the claimant has alleged, the undersigned accepts Dr. Platter's

functional assessment and gives his opinion great weight")).

    c.  Dr. L. Paul Schneider, Ph.D., ABPP

        Plaintiff complains that the ALJ implicitly (and mistakenly) found that Dr.

Schneider opined that plaintiff's limitations did not preclude work activity and that the

ALJ ignored significant, probative evidence in doing so. The ALJ indicated in his written

decision that "with regard to mental health impairments, no acceptable medical source

has given any indication that the claimant's mental limitations preclude work activity"

(Tr. 25). As Dr. Schneider is an acceptable medical source, as a psychological doctor, the

Court agrees with plaintiff's characterization of the ALJ's implicit finding regarding Dr.

Schneider's opinion not containing an opinion regarding preclusion of work activity (*see*

1  *id.*). The Court notes that Dr. Schneider opined specifically that "sometime down the road

2  [plaintiff] may be capable of employment and he would like to work and it would not

3  hurt to at least get started on that. It may be quite a while, however" (Tr. 403). Based on

4  the relevant record, the Court concludes that that ALJ's finding that "with regard to

5  mental health impairments, no acceptable medical source has given any indication that

6  the claimant's mental limitations preclude work activity" is a finding that is not based on

7  substantial evidence in the record as a whole (*see* Tr. 25, 403). Although Dr. Schneider's

8  opinion regarding plaintiff's ultimate disability status need not be credited by the ALJ

9  necessarily, this particular opinion nevertheless is significant, probative evidence that the

10  ALJ erred in failing to reject explicitly. *See Vincent, supra*, 739 F.2d at 1395.

11

12       d.  Dr. Kari Heistand, M.D.

13       On May 10, 2011, Dr. Heistand provided an opinion regarding plaintiff's

14  functional limitations due to his mental impairments (*see* Tr. 407-09). Plaintiff complains

15  that the ALJ failed to provide any reasons for his failure to credit fully the opinions of Dr.

16  Heistand (*see* Opening Brief, ECF No. 16, pp. 19-20). Defendant responds first by

17  arguing that all of the opined limitations were credited, and secondly, by arguing that to

18  the extent that any opined limitations were not credited fully, valid reasons existed as to

19  why the ALJ was correct in failing to credit fully such opinions (*see* Response, ECF No.

20  22, pp. 14-16). However, even if the Court were to assume for purposes of argument that

21  the reasons provided by defendant were valid reasons on which to base a rejection of Dr.

22  Heistand's opinions, the problem remains that such reasons were not provided by the ALJ

23  in his written decision.

24

1    According to the Ninth Circuit, "[l]ong-standing principles of administrative law

2 require us to review the ALJ's decision based on the reasoning and actual findings

3 offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the

4 adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27

5 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation

6 omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121, 2012 U.S. App. LEXIS 6570

7 at *42 (9th Cir. 2012); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir.

8 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not

9 invoke in making its decision") (citations omitted).

10    For the reasons stated, the Court concludes that the opinions of Dr. Heistand must

11 be evaluated anew following remand of this matter.

12

13    In addition, the Court concludes that the ALJ committed harmful errors in his

14 review of the medical evidence, requiring reversal of this matter.

15

16    2.   **Plaintiff's testimony and credibility must be evaluated anew following**

17         **remand of this matter**.

18    This Court already has concluded that the ALJ failed to consider the medical

19 evidence properly in this matter, *see supra*, section 1. In addition, a determination of a

20 claimant's credibility relies in part on the assessment of the medical evidence. *See* 20

21 C.F.R. § 404.1529(c). Therefore, the Court concludes that plaintiff's testimony and

22 credibility must be assessed anew following remand of this matter.

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 14

3. **This matter should be reversed and remanded for further proceedings, not with a direction to award benefits**.

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra*, 211 F.3d at 1178 (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996)).

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998);

1   *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).    If the medical evidence in the

2   record is not conclusive, sole responsibility for resolving conflicting testimony and

3   questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

4   Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing*

5   *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

6
7        Therefore, remand is appropriate in order to allow the Commissioner the

8   opportunity to consider properly all of the medical evidence as a whole and to incorporate

9   the properly considered medical evidence into the consideration of plaintiff's credibility

10   and residual functional capacity. *See Sample, supra*, 694 F.2d at 642.

11                                 CONCLUSION

12        Based on the stated reasons and the relevant record, the Court **ORDERS** that this

13   matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

14   405(g) to the Commissioner for further consideration.

15        **JUDGMENT** should be for plaintiff and the case should be closed.

16        Dated this 15th day of February, 2013.

17
18                                 J. Richard Creatura
19                                 United States Magistrate Judge
20
21
22
23
24