UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADAM BARTLETT,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration, [1]<br><br>                Defendant. | CASE NO. 12-cv-05220 JRC<br><br>ORDER ON PLAINTIFF'S MOTION FOR EQUAL ACCESS TO JUSTICE ACT ATTORNEY'S FEES |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 7). This matter is before the Court on plaintiff's contested motion

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

ORDER ON PLAINTIFF'S MOTION FOR EQUAL
ACCESS TO JUSTICE ACT ATTORNEY'S FEES -
1

for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and has been fully briefed (*see* ECF Nos. 26, 27-29, 32-35).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Acting Commissioner challenged plaintiff's request for statutory attorney's fees on the grounds that the requested fees are unreasonable given the circumstances of this case (*see* Response, ECF No. 32).

Defendant does not contest that plaintiff is entitled to EAJA fees, but does dispute the reasonableness of the amount of fees plaintiff has requested (*see* Response, ECF No. 32, p. 2). Although defendant argues that plaintiff's fee is subject to any offset allowed pursuant to the Department of the Treasury's Offset Program, plaintiff does not challenge this request, consistent with *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010) (*see* Reply, ECF No. 34, p. 11).

Additionally, defendant offers two main arguments: that plaintiff's method for calculating billable hours resulted in an unreasonable amount of attorney's fees and that attorney's fees should be reduced because the billing records are unreliable (*see* Response, ECF No. 32, pp. 3-6).

The Court has reviewed plaintiff's motion, declarations and memorandum in support of his motion (ECF Nos. 26, 27, 28, 29); defendant's response and praecipe (ECF Nos. 32, 33); and plaintiff's reply and declaration (ECF Nos. 34-35). Although one of defendant's substantive arguments has merit, warranting a reduction in fees of 0.5 hours, as discussed further below, the remainder of plaintiff's requested fee request is reasonable.

## BACKGROUND and PROCEDURAL HISTORY

On February 15, 2013, this Court entered a Judgment remanding this matter to the Administration (*see* ECF Nos. 24, 25). The Court found that the ALJ erred in reviewing the medical evidence and made findings not supported by substantial evidence in the record as a whole (*see* ECF No. 24). Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 § U.S.C. 2412 (*see* ECF Nos. 26-29). Defendant challenged plaintiff's request for statutory attorney's fees on the grounds that the requested fees are unreasonable (*see* Response, ECF No. 32).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court

has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the administration for further consideration (*see* Order and Judgment on Complaint, ECF Nos. 24, 25). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant implicitly conceded that the government's position was not substantially justified, as defendant does not contest that plaintiff is entitled to EAJA fees, but requests a reduction in the amount of fees awarded (*see* Response, ECF No. 32, p. 2).

The Court agrees with defendant's implicit concession (*see id.*). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical evidence. For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra*, 461 U.S. at 433.

Here, plaintiff prevailed on the single claim of whether or not the denial of his social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Because the Court concludes based on a review of the relevant evidence that the plaintiff here obtained excellent results, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson, supra*, 488 F.2d at 717-19 "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[2] *See Hensley, supra*,

---

[2] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

ORDER ON PLAINTIFF'S MOTION FOR EQUAL
ACCESS TO JUSTICE ACT ATTORNEY'S FEES -
5

461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson*, *supra*, 488 F.2d at 717-19, and *Kerr*, *supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by* 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012). These guidelines are consistent with Washington Rules of Professional Conduct 1.5.

Defendant complains, in part, about the amount of plaintiff's requested rate. Although defendant contends that plaintiff "converted the 38.2 law clerk hours into 24.87 'Attorney Hours' at the attorney hourly rate of $184.32, instead of the $120.00 law clerk rate," and "then added the adjusted attorney/law clerk hours to 12.8 attorney hours to reach the total of 37.67 billable attorney hours," plaintiff replies that defendant has misconstrued plaintiff's billing records. According to plaintiff, the chart converting the law clerk hours into what those hours would be in attorney time simply demonstrates that the government is not being prejudiced and being forced to pay more by having a law graduate perform this work (*see* Reply, ECF No. 34, p. 2). This contention is persuasive, when viewing the relevant time sheets involved.

Based on a review of the relevant record, including the itemized billing sheet, the Court concludes that it is sufficiently clear that plaintiff is claiming 12.8 hours of attorney time, at the $184.32 hourly rate, ($2,359.29) and 38.2 hours of law clerk time, at the $120.00 hourly rate ($4,584), for a total sum request of $6,943.29 (ECF No. 26, Exhibit 1, p. 2). The

Court finds no error, and finds no general error with respect to defendant's argument in general that the requested amount of attorney fees for 37.67 attorney hours is excessive given the circumstances of this case.

The Court furthermore concludes that plaintiff has demonstrated adequately that extra time is not being compensated due to inexperience of the law clerk and any need to familiarize the law clerk with the law (*see* Response, ECF No. 32, p. 3 (*citing Digennaro v. Bowen* , 666 F.Supp. 426, 434 (E.D.N.Y. 1987); *Harden v. Comm'r Soc. Sec. Admin.*, 497 F.Supp.2d 1214, 1216 (D. Or. 2007), *abrogated on other grounds by Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1137 (9th Cir. 2012) (per curiam))). Although defendant contends that plaintiff's counsel did not exclude hours that were excessive, redundant or otherwise unnecessary, plaintiff contends that the law clerk hours already were reduced from the 46.2 hours actually incurred to 38.2 hours to which it was reduced voluntarily (*see* ECF No. 35, p. 3).

The Court concludes that defendant has not demonstrated that plaintiff has shifted the total financial burden of training new counsel onto the government, and has not demonstrated any excessive or unreasonable billing with respect to this law clerk time.

Defendant also complains that plaintiff inflated the amount of time he claims in this case by billing in an increment of 0.20 hours (representing 7 to 12 minutes), rather than in the more accurate increment of 0.1 hours (representing 1 to 6 minutes) (*see* Response, ECF No. 32, p. 4 (*citing Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948-49 (9th Cir. 2007) (affirming the district's court reduction of attorney hours "for quarter-hour billing"))). Defendant argues that plaintiff claims 0.2 hours for tasks that should have taken less than

twelve minutes, citing plaintiff's review of notice of appearance, service and consent (*id.*).

This argument is persuasive.

Plaintiff's attorney declares that "we have found that for any task, by the time we review the matter, enter the billing information, and are able to transition away from that task, it takes at least 7 minutes" (*see* Attorney Declaration, ECF No. 35, p. 1). The Court concludes that a general practice of relying of a finding that every task requires at least 7 minutes is unreasonable. Plaintiff has billed 0.2 hours for all of the following tasks:

> Correspondence from Court (Return Pleadings)
> Correspondence from opposing counsel (Letter, Consent)
> Correspondence to opposing counsel (Consent)
> Correspondence to opposing counsel (Service)
> Correspondence from Court (Consent)
> Correspondence from opposing counsel (Notice of Appearance)
> Receive and Review Answer
> Review Correspondence from Court (scheduling order)

(*see* ECF No. 26, Itemized Billing Statement, Exhibit 1, p. 1).

The Court concludes that the following tasks are unreasonably billed at more than 0.1 hours, as they should not reasonably take more than six minutes, even given time for entering billing information and transitioning to another task:

> Correspondence from opposing counsel (Letter, Consent)
> Correspondence to opposing counsel (Consent)
> Correspondence to opposing counsel (Service)
> Correspondence from Court (Consent)
> Correspondence from opposing counsel (Notice of Appearance)

(*see* ECF No. 26, Itemized Billing Statement, Exhibit 1, p. 1).

Therefore, plaintiff's attorney hours shall be reduced by 0.5 hours, to reflect a 0.1 hour reduction for each of these five billing entries.

ORDER ON PLAINTIFF'S MOTION FOR EQUAL
ACCESS TO JUSTICE ACT ATTORNEY'S FEES -
8

The remainder of defendant's complaints concerns a billing statement in a different case, and the notation that the billing increments, corresponding tasks, descriptions of tasks, and the law clerk differentiation are nearly identical regardless of the complexity of the task (*see* Response, ECF No. 32, pp. 4-5). The Court has reviewed the relevant record and submitted evidence. It does appear to the Court that some tasks that are not expected to take the same amount of time in different cases are billed for the same amount of time. For example, it is somewhat troubling that reviewing the ALJ decision, along with some legal research took 4.2 hours for this case, and also required exactly 4.2 hours in the other case identified (*see* ECF No. 32, Declaration Exhibits 2 and 3, p.1). Similarly, these two different plaintiffs incurred exactly 8 hours in the two different cases for reviewing the file and outlining the facts; and also incurred exactly 8 hours to prepare the procedural information in these two different cases (*id.*).

It is troublesome to the Court that the majority of tasks billed in these two different cases were billed for the exact amount of time. Although it makes sense that reviewing the procedural history in two different cases would take the same, or a similar, amount of time, as procedural histories in social security follow the same pattern, this similarity is not expected to extend to the substantive, complex tasks of the case. However, as noted by the Court, plaintiff's attorney voluntarily reduced the amount of law clerk time, from 46.2 hours to 38.2 hours (*see* Attorney Declaration, ECF No. 35, p. 3). Such voluntary reduction, which plaintiff's attorney indicates is customary in his practice, potentially explains how differing initial numbers of hours end up being reduced to identical final billing hours. However, it is most helpful to the Court when such billing reductions are indicated on the itemized billing statement itself, which was not done here. Such practice is advised; however, the lack of it,

ORDER ON PLAINTIFF'S MOTION FOR EQUAL
ACCESS TO JUSTICE ACT ATTORNEY'S FEES -
9

without more, is insufficient to demonstrate that plaintiff's billing statement is not reliable in the circumstances herein.

The Court starts with the supposition that a lawyer is telling the truth when he signs a request for attorney's fees and costs (*see* Attorney Declaration, ECF No. 27, p. 1 ("I declare under penalty of perjury that the foregoing is true and correct[:] 1. The calculation of hours spent on plaintiff's case . . . . is an accurate reflection of time spent . . . .")). The Administration has the burden to prove otherwise. *See Gates, supra*, 987 F.2d at 1397-98 (citations omitted). Here, defendant has presented the Court with one other itemized billing statement from one different case, in an attempt to demonstrate that plaintiff's attorney has a "practice of inflating his billing records" and that the itemized statement herein is unreliable (Response, ECF No. 32, pp. 4-5). Given that only one other similar itemized billing statement is provided, the Court does not find that defendant has shown that plaintiff's attorney routinely inflates his billing records. In addition, although further delineation of hours that are reduced voluntarily makes the billing records more reliable, in this matter, given the declaration of plaintiff's attorney, and after reviewing the billing records in detail, and considering the social security appeal for which the time is being billed, the Court finds that defendant has not demonstrated that the records are unreliable to the extent that the attorney's fees should be reduced. The hours requested are reasonable and the billing statement sufficiently reliable.

As indicated, the Court does not find it improper for an attorney to cut hours for a certain task to certain limits, such as cutting law clerk time to 8 hours to outline the facts and 10 hours for the briefing of the argument for the opening brief. Although the lack of such delineation in this matter herein does not require a reduction in fees in this matter, this

determination is extremely fact specific. Although defendant implies that more than forty hours are excessive for routine social security matters, and further implies that it is improper for an attorney to cut requested hours with an eye towards getting the number of hours down to forty hours, the cited case does not support such an argument. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1137 (9th Cir. 2012) (per curiam)). In fact, the Ninth Circuit in *Costa*, held "that it is improper for district courts to apply a de facto cap on the number of hours for which attorneys may be compensated under the EAJA in a 'routine' case challenging the denial of social security benefits." *Id.* at 1134. According to the Ninth Circuit, "it is [] an abuse of discretion to apply a de facto policy limiting social security claimant to twenty to forty hours of attorney time in 'routine' cases." *Id.* at 1136. Although the Ninth Circuit found that it was improper for the district court to cut an attorney's time in order to get it under forty hours simply because the case was routine, the Court did not prohibit attorneys from cutting their own time voluntarily. The Court notes that the Ninth Circuit also "question[ed] the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court." *Id.*

Based on a review of the relevant record, the Court concludes that defendant has not demonstrated that plaintiff's billing statements are sufficiently unreliable to warrant a overall reduction in fees.

Given the facts and circumstances of the matter herein, and based on the briefing, declarations and attorney time sheet, the Court concludes that the amount of time incurred by plaintiff's attorney in this matter is reasonable, after deduction of the 0.5 hours already

discussed. *See Hensley, supra*, 461 U.S. at 435. As plaintiff's attorney "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

Therefore, plaintiff's motion should be granted in part.

Plaintiff's request for attorneys' fees is reduced from 12.8 hours of attorney time by 0.5 hours to 12.3 hours, at the $184.32 hourly rate ($2,267.13) (*see* ECF No. 26, p. 2). The law clerk hours, at 38.2 hours, are to be compensated at $120.00 ($4,584.00). However, plaintiff additionally has requested 9.6 hours for preparing his Reply brief, which, when multiplied by the current statutorily authorized rate of $184.32, yields a further request of $1,769.47 (*see* Reply, ECF No. 34, pp. 11-12; Attorney Declaration, ECF No. 35, p. 4). This amount appropriately is added onto plaintiff's request for EAJA fees, is reasonable, and shall be granted. *See Comm'r INS v. Jean*, 496 U.S. 154, 160 (1990)).

Therefore, plaintiff shall be awarded $4,036.60 for 21.9 hours of attorney time ($184.32 hourly rate); and $4,584.00 for 38.2 hours of law clerk time ($120.00 hourly rate), for a total award of $8,620.60.

CONCLUSION

Following review of pleadings filed for this motion (ECF Nos., 26, 27, 28, 29, 32, 33, 34, 35), and the relevant record, it is hereby ORDERED that attorney's fees of $8,620.60 shall be awarded to plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, (hereinafter "EAJA"), and consistent with *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

If it is determined that plaintiff's EAJA fees and costs are not subject to any offset allowed pursuant to the Department of the Treasury's Offset Program, then the check for EAJA fees and costs shall be made payable to D. James Tree, Esq., based on plaintiff's

1  assignment of these amounts to plaintiff's attorney (ECF No. 28).  The same procedure
2  applies for any remainder following any offset. Any check for EAJA fees shall be mailed to
3  plaintiff's counsel, D. James Tree, Esq. at 3711 Englewood Avenue, Yakima, WA 98902, or
4  directly deposited into the Tree Law firm business account, said information for such direct
5  deposit being in the Treasury's database (*see* Reply, ECF No. 34, p. 11).
6       Dated this 5th day of November, 2013.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S MOTION FOR EQUAL
ACCESS TO JUSTICE ACT ATTORNEY'S FEES -
13